UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| LJUBICA CAMPBELL | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3:18–CV–00003 |
| | § | |
| TEXAS DEPARTMENT OF | § | |
| CRIMINAL JUSTICE | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMEDATION

Before me is Defendant's Motion for Summary Judgment (Dkt. 32), which was filed on July 22, 2019. Plaintiff Ljubica Campbell's ("Campbell") response was originally due on August 12, 2019. In lieu of filing a response, Campbell sought an extension. *See* Dkts. 34, 36, 37. Over the objection of Defendant Texas Department of Criminal Justice ("TDCJ"), I extended Campbell's response deadline until August 22, 2019. *See* Dkt. 40. On August 22, Campbell sought another extension until August 23, 2019. *See* Dkt. 41. In an attempt to be incredibly accommodating, I granted Campbell one final extension until August 24, 2019—a day longer than she even requested. *See* Dkt. 43. The August 24 deadline has come and gone, and Campbell still has not filed a response. Accordingly, I treat Defendant's Motion for Summary Judgment as unopposed; and, for the reasons articulated below, I **RECOMMEND** that the motion be **GRANTED**.

## BACKGROUND

Campbell is a former correctional officer who worked for TDCJ at its Hospital Facility in Galveston, Texas, from 2006 until she was terminated in 2016. As a correctional officer, Campbell's job was to provide security for hospital staff and escort inmates to medical appointments.

During her tenure with TDCJ, Campbell filed numerous complaints with the TDCJ Employee Relations Office about other TDCJ employees. These complaints ranged from accusing certain coworkers of creating a hostile work environment to accusing other coworkers of pushing her in an elevator. However, Campbell was not the only person filing complaints.

Between March 2013 and February 2016, numerous individuals complained to TDCJ about Campbell's behavior, including multiple nurses, a medical doctor, and even a chaplain. Pertinent here, the TDCJ investigated the complaints, and several resulted in disciplinary convictions against her.

In January 2015, Campbell filed a charge with the Equal Employment Opportunity Commission ("EEOC").[1] She alleged discrimination and retaliation, referencing the many incidents underlying her various complaints to the TDCJ Employee Relations Office. Prior to the EEOC completing its review, Campbell was involved in a verbal altercation with a superior officer. After a thorough investigation of the altercation, Campbell was found guilty of instigating and participating in a verbal altercation with her superior officer.

---

[1] Campbell actually filed her first EEOC charge in late 2013. Although she received a right to sue letter in May 2014, Campbell did not file suit.

2

Based on this determination, coupled with her long disciplinary history, TDCJ terminated Campbell's employment in July 2016. After her termination, Campbell supplemented her EEOC charge to include the facts surrounding her recent termination. Thereafter, Campbell received a right to sue letter and filed suit.

In this lawsuit, Campbell seeks money damages and alleges the following claims: violations of her constitutional rights to substantive and procedural due process under 42 U.S.C. § 1983 ("Section 1983"); race (Caucasian), national origin (Macedonian), and sex (female) discrimination under 42 U.S.C. § 2000e-2, *et seq.* ("Title VII"); and retaliation under Title VII. TDCJ has moved for summary judgment as to each claim.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine dispute of material fact does not exist unless "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Burell v. Prudential Ins. Co. of Am.*, 820 F.3d 132, 136 (5th Cir. 2016) (citation omitted). "The moving party . . . bears the initial responsibility of informing the district court of the basis for its motion." *Brandon v. Sage Corp.*, 808 F.3d 266, 269–70 (5th Cir. 2015) (citation omitted). If the burden of production at trial "ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Lyles v. Medtronic Sofamor Danek, USA, Inc.*, 871 F.3d 305, 310–11 (5th Cir. 2017). Once a party "meets the initial burden of demonstrating that there exists no genuine issue of material fact for trial, the burden shifts to the non-movant to produce evidence of the

existence of such an issue for trial." *Brandon*, 808 F.3d at 270. The party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts. [It] must go beyond the pleadings and come forward with specific facts indicating a genuine issue for trial to avoid summary judgment." *Id.* (citations and quotation marks omitted). "In deciding whether a fact issue exists, courts must view the facts and draw reasonable inferences in the light most favorable to the nonmoving party." *Rayborn v. Bossier Par. Sch. Bd.*, 881 F.3d 409, 414 (5th Cir. 2018) (quotation marks and citation omitted). Importantly, "[a]lthough it is reversible error for the Court to grant a summary judgment motion simply because the nonmovant fails to respond [as is the case here], the Court may decide the merits of the case based on the Defendant's Motion and supporting evidence since Plaintiff has proffered no controverting evidence." *Daniels v. BASF Corp.*, 270 F. Supp. 2d 847, 852 (S.D. Tex. 2003) (citations omitted).

## DISCUSSION

I. **DUE PROCESS CLAIMS UNDER SECTION 1983**

TDCJ argues that Eleventh Amendment immunity bars Campbell's due process claims arising under Section 1983. I agree. As this Court has explained, "the Eleventh Amendment bars a suit for money damages against TDCJ, as a state agency, under 42 U.S.C. § 1983." *Hampton v. Brindley*, No. 3:17-CV-299, 2018 WL 3609034, at *5 (S.D. Tex. July 27, 2018) (citing *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998)). Thus, Campbell's due process claims must be dismissed.

## II.   DISCRIMINATION AND RETALIATION UNDER TITLE VII[2]

"Discrimination and retaliation claims asserted under Title VII . . . are analyzed under the same rubric of analysis, the *McDonnell Douglas* burden-shifting framework." *Simani v. Beechnut Acad.*, 740 F. App'x 445, 446 (5th Cir. 2018) (internal quotation marks and citation omitted). *See also McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973). Under this framework, Campbell must first present a prima facie case. *See, e.g., Daniels*, 270 F. Supp. 2d at 852 (citation omitted). To establish a prima facie case of discrimination under Title VII, Campbell "must produce evidence that she (1) is a member of a protected class, (2) was qualified for the position that she held, (3) was subject to an

---

[2] In Plaintiff's First Amended Complaint, Campbell specifically included a section identifying her Title VII claims. *See* Dkt. 17 at 10–12. Importantly, she only specifically asserts discrimination and retaliation claims. I do not find any indication that Campbell also asserted a hostile work environment claim. TDCJ, however, has also sought summary judgment on Campbell's purported hostile work environment claim. In an abundance of caution, I summarily address this claim.

"To state a hostile work environment claim under Title VII, the plaintiff must show that: (1) the victim belongs to a protected group; (2) the victim was subjected to unwelcome harassment; (3) the harassment was based on a protected characteristic; (4) the harassment affected a term, condition, or privilege of employment; and (5) the victim's employer knew or should have known of the harassment and failed to take prompt remedial action." *E.E.O.C. v. WC&M Enters., Inc.*, 496 F.3d 393, 399 (5th Cir. 2007) (citation omitted). TDCJ attacks the third and fourth element. *See* Dkt. 32 at 20–23. I address only the fourth element.

As argued by TDCJ, Campbell's "'workplace' was a prison containing inmates from all over Texas, with all the ordinary tribulations associated with that environment" and the "alleged harassment [that Campbell was subjected to] consists chiefly of offensive utterances." Dkt. 32 at 22–23. The Fifth Circuit has clearly "held . . . that simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." *Carrera v. Commercial Coating Servs. Int'l, Ltd.*, 422 F. App'x 334, 338 (5th Cir. 2011) (internal quotation marks and citations omitted) (collecting cases). Based on the record before me, I find that Campbell has not presented evidence that any purported harassment affected a term, condition, or privilege of her employment. Therefore, to the extent that Campbell has pled a hostile work environment claim, it too must fail as a matter of law.

5

adverse employment action, and (4) was replaced by someone outside of her protected class or treated less favorably than other similarity-situated employees who were not in her protected class." *Harville v. City of Hous., Miss.*, ---F.3d.---, 2019 WL 3851738, at *3 (5th Cir. Aug. 16, 2019). To establish a prima facie case of retaliation, Campbell "must show that (1) she engaged in a Title VII protected activity; (2) she was subject to an adverse employment action; and (3) there was a but-for causal connection between her employment in the protected activity and the adverse employment action." *Id.* at *6. "If [Campbell] establishes a prima facie case, the burden shifts to [TDCJ] to produce evidence showing the termination was justified by a legitimate, non-discriminatory reason. If [TDCJ] can do so, the burden shifts back to [Campbell] to offer sufficient evidence to create an issue of material fact that the reason is pretextual." *Simani*, 740 F. App'x at 446 (citation omitted). "In conducting a pretext analysis, the court does not engage in second-guessing of [TDCJ's] business decisions." *Roberson-King v. La. Workforce Comm'n, Office of Workforce Dev.*, 904 F.3d 377, 380–81 (5th Cir. 2018) (internal quotation marks and citation omitted).

In its Motion for Summary Judgment, TDCJ argues that Campbell cannot establish a prima facie discrimination or retaliation claim. TDCJ goes on to offer its reasoning for the various actions it took regarding Campbell's employment before arguing Campbell cannot show that such reasons were mere pretext. For the purpose of this decision, I assume that Campbell has established a prima facie case and focus on whether TDCJ has offered legitimate, non-discriminatory reasons for its employment decisions and whether Campbell has shown those reasons are mere pretext.

To be clear, Campbell has identified two types of adverse employment actions that TDCJ purportedly subjected her to: disciplinary convictions and, ultimately, her termination. Regarding these employment actions, TDCJ has submitted summary judgment evidence supporting its explanation that:

> Plaintiff violated TDCJ's rules of conduct for correctional officers. For each violation, a first official made an accusation, a second official investigated, and a third official determined guilt and discipline. Whenever TDCJ imposed discipline, Plaintiff also had a three-step grievance process to appeal the imposition. Plaintiff's final rule violation resulted in the termination of her employment.

Dkt. 32 at 26 (internal footnotes and record citations omitted). In my view, TDCJ has offered legitimate, non-discriminatory reasons for Campbell's disciplinary convictions and termination. Thus, the burden shifts to Campbell "to establish that the legitimate reasons offered by [TDCJ] were not the true reasons, but were instead pretexts for discrimination [and retaliation]." *Daniels*, 270 F. Supp. 2d at 852–53 (citation omitted).

As explained above, Campbell failed to file a response to the Motion for Summary Judgment, presenting no evidence or arguments indicating that TDCJ's reasons are mere pretext. Therefore, Campbell's discrimination and retaliation claims must fail as a matter of law. *See, e.g., Simmons v. Rothe Dev., Inc.*, 952 F. Supp. 486, 490–92 (S.D. Tex. 1997) (granting summary judgment on several Title VII claims, in part, because the plaintiff did not submit a summary judgment response and, therefore, failed to create a fact issue on the issue of pretext).

## CONCLUSION

For the reasons stated above, I **RECOMMEND** that the Motion for Summary Judgment (Dkt. 32) be **GRANTED**, and this suit be **DISMISSED**.

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002–13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

SIGNED at Galveston, Texas, this 5th day of September, 2019.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE